**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DAVID GUMBETTER,**

            **Plaintiff,**          **CIVIL ACTION NO. 04-CV-40328-FL**

    **vs.**

                       **DISTRICT JUDGE PAUL V. GADOLA**

**UNUM LIFE INSURANCE**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**COMPANY OF AMERICA,**

            **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**RECOMMENDATION**: Plaintiff's Motion for Leave to File a First Amended Complaint should

be **DENIED** as futile.

*** 

    Plaintiff filed the instant complaint on November 12, 2004 pursuant to the Employee

Retirement Insurance Security Act (ERISA) claiming that Defendant UNUM Life Insurance

Company of America ("UNUM") improperly terminated his disability retirement benefits.

Specifically, Plaintiff alleges breach of contract and fiduciary duties as well as failure to afford

procedural due process.  On March 18, 2005, Plaintiff filed a Motion for Leave to File First

Amended Complaint to which Defendant filed a Response in opposition on April 8, 2005.  Plaintiff

filed a twelve page Reply to Defendant's Response and Defendant filed a Sur-Reply complaining

that Plaintiff's Reply exceeds the page limit for reply briefs in violation of E.D. Mich. LR

7.1(c)(3)(B).  Although the matter has been referred to the undersigned for hearing and

determination pursuant to 28 U.S.C. § 636(b)(1)(A), the Court declines to do so pursuant to Fed. R.

Civ. P. 72(b) which directs a Magistrate Judge to issue a Report and Recommendation of a "matter

dispositive of a claim."[1]  The Court has dispensed with oral argument pursuant to E.D. Mich. LR 7.1(e).

In his proposed First Amended Complaint, Plaintiff alleges that Defendant UNUM, along with proposed defendants Michigan Gage Engineering and UNUM Provident Corporation ("Provident"), violated 18 U.S.C. § 1961(c) and (d) of the RICO Act.  Plaintiff now wishes to add a RICO claim and include Michigan Gage Engineering and Provident as additional defendants to this action.

## FED. R. CIV. P. 15 & 21

After a party has filed a complaint and later wishes to amend his original complaint, he must do so in accordance with Fed. R. Civ. P. 15(a) which reads,

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . .  Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 21 allows "[p]arties [to] . . . be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.  Granting leave to amend a complaint is discretionary and may depend on several factors including, but not limited to, a finding of bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.  *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)(citing *Foman v. Davis*, 371 U.S. 178, 182

---

[1] The denial of Plaintiff's Motion for Leave to Amend is effectively dispositive of his proposed RICO claims such that a Report and Recommendation is proper.

(1962)).  Defendants oppose Plaintiff's Motion for Leave to File First Amended Complaint claiming that Plaintiff fails to state a claim under RICO and therefore his proposed amendments would be futile.

## RICO CLAIMS GENERALLY

Title 18 U.S.C. § 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).  In order to prove a RICO violation, a plaintiff must demonstrate (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  *Central Distribs. of Beer, Inc. v. Conn*, 5 F.3d 181, 183 (6th Cir. 1993) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).  An enterprise includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity" 18 U.S.C. § 1961(4).  "A properly pled RICO claim must cogently allege activity 'that would show ongoing, coordinated behavior among the defendants that would constitute an association-in-fact.'" *Begala*, 214 F.3d at 781 (quoting *Frank v. D'Ambrosi*, 4 F.3d 1378, 1386 (6th Cir. 1993).  For the following reasons, Plaintiff fails to demonstrate an enterprise sufficient to state a claim under RICO.

Plaintiff alleges that Defendant UNUM "is a wholly owned subsidiary of U[NUM] P[rovident]" (Plaintiff's Proposed First Amended Complaint, pg. 2, ¶ 5).  Plaintiff then alleges that Defendant UNUM and Provident comprise an enterprise for RICO purposes.  Courts have consistently held, however, that a corporation and its subsidiaries cannot constitute an enterprise

-3-

under the RICO statute.  The Sixth Circuit has held that:

> Under RICO, a corporation cannot be both the 'enterprise' and the 'person' conducting or participating in the affairs of that enterprise. (internal citations omitted). Under the 'non-identity' or 'distinctness' requirement, a corporation may not be liable under section 1962(c) for participating in the affairs of an enterprise that consists only of its own subdivisions, agents, or members.  An organization cannot join with its own members to undertake regular corporate activity and thereby become an enterprise distinct from itself.  (internal citations omitted).

*Begala v. PNC Bank, OHIO, Nat' Ass'n*, 214 F.3d 776, 781 (6th Cir. 2000); *see also Emery v. American General Finance, Inc.,* 938 F. Supp. 495 (N.D. Ill. 1996)(holding that alleged enterprise, a parent company, and alleged person, its subsidiary, were not sufficiently distinct to state claim under [RICO]"); *Chamberlain Mfg. Corp. V. Maremont Corp.*, 919 F. Supp. 1150 (N.D. Ill. 1996)(finding that an alleged person, a parent corporation, and alleged enterprise, an association-in-fact consisting of the parent and its former subsidiary, were not sufficiently distinct to state [RICO] fraud claim).  The Court is equally convinced here that Plaintiff cannot demonstrate an enterprise between Defendant UNUM and Provident because one is a wholly owned subsidiary of the other.

The Court also rejects Plaintiff's other allegations of enterprise as vague and conclusory. Specifically, Plaintiff alleges that:

> [t]he persons and entities other than corporate subsidiaries include, for example: a) wholly owned affiliates such as Genex; b) cooperating persons and entities such as purportedly independent evaluators; c) purchasers of administrative services such as insurance companies and d) purchasers of group disability policies such as employers [i.e., Michigan Gage Engineering] providing disability insurance for their employees.

(Plaintiff's Proposed First Amended Complaint, pg. 13, ¶ 50).  Seemingly, Plaintiff attempts to allege an enterprise between Defendant UNUM and any other "cooperating persons and entities"

-4-

that may have had business contacts with Defendant.  Such vague and conclusory pleadings of enterprise were rejected in *Begala* where the court held:

> In this case, the complaint essentially lists a string of entities allegedly comprising the enterprise, and then lists a string of supposed racketeering activities in which the enterprise purportedly engages.  Although the plaintiff may allege the separate elements of 'enterprise' and 'pattern of racketeering activity' through the same facts, (internal citations omitted), the complaint must contain facts suggesting that the behavior of the listed entities is 'coordinated' in such a way that they function as a 'continuing unit,' *see Frank*, 4 F.3d at 1386.  This complaint is entirely devoid of any such factual allegations.  Accordingly, plaintiffs have failed to state a RICO claim . . .

*Begala*, 214 F.3d at 781-82.  Nowhere in Plaintiff's proposed First Amended Complaint does he provide any factual basis or even describe these "wholly owned affiliates such as Genex" or other "cooperating persons and entities" (Plaintiff's Proposed First Amended Complaint, pg. 12-13, ¶ 50). In fact, Plaintiff's proposed First Amended Complaint contains no factual allegations naming either Michigan Gage Engineering or Genex.  Thus, Plaintiff fails to plead either an enterprise or an 'association-in-fact' as required under the RICO Act.  Therefore, the Court concludes that allowing Plaintiff to amend his complaint would be futile because Plaintiff fails to state a claim under the RICO Act.  Having failed to demonstrate enterprise, the Court need not consider whether Plaintiff demonstrates the other elements necessary to plead a RICO claim.

Accordingly, the Court recommends that Plaintiff's Motion for Leave to File First Amended Complaint be **DENIED**.

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: April 26, 2005                           s/ Mona K. Majzoub                    
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE


### Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Patrick Derkacz and Steven Witenoff on this date.

Dated: 4/26/05                                  s/ Lisa C. Bartlett                   
                                                Courtroom Deputy

-6-